## Ronnie L. GRAY, Movant,

v.

## STATE of Missouri, Respondent.

### No. ED 81144.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 2003.

Raymund J. Capelovitch, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J. and KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

## ORDER

PER CURIAM

Ronnie L. Gray (Movant) appeals from the motion court's judgment denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.

A jury convicted Movant of first-degree murder, Section 565.020.1;[1] first-degree robbery, Section 569.020; and two counts of armed criminal action, Section 571.015. The trial court found Movant to be a prior and persistent offender and sentenced Movant to: life imprisonment without parole for the murder; thirty years imprisonment for the robbery; and two thirty-year terms on each of the armed criminal action counts, one to be served concurrently with the murder sentence, and one to be served concurrently with the robbery sentence. Movant appealed the judgment of his conviction and sentence and this Court affirmed. *State v. Gray*, 41 S.W.3d 527 (Mo.App. E.D.2001). Movant thereafter timely filed his pro se and amended motions alleging ineffective assistance of his trial counsel (Counsel), pursuant to Rule 29.15. This appeal follows the denial of Movant's motion after an evidentiary hearing.

In his sole point on appeal, Movant alleges the motion court's denial of relief

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

was clearly erroneous because Counsel was ineffective for failing to object to the prosecutor's allegedly improper discussions of reasonable doubt during voir dire and closing arguments.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. The motion court's findings of fact and conclusions of law are not clearly erroneous. Rule 29.15(k). An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).